1 LESLIE H. HELMER, CA Bar No. 150296
leslie.helmer@ogletree.com
2 KATHLEEN J. CHOI, CA Bar No. 284428
kathleen.choi@ogletree.com
3 KRISTIN N. KOVACICH, CA Bar No. 322454
kristin.kovacich@ogletree.com
4 OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
5 400 South Hope Street, Suite 1200
Los Angeles, CA 90071
6 Telephone: 213-239-9800
Facsimile: 213-239-9045
7
Attorneys for Defendant
8 WALGREEN CO.

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11 AMIRA SAAD,

Case No. 2:19-cv-09869 SB (JCx)
H
12          Plaintiff,

**NOTICE OF MOTION AND MOTION
13     v.** TO COMPEL COMPLIANCE WITH
SUBPOENA TO WELLCARE
14 WALGREEN, CO.; WALGREEN PHARMACY AND TO CONTINUE
FAMILY OF COMPANIES; DOES 1 PLAINTIFF'S DEPOSITION; JOINT
15 TO 50, INCLUSIVE, STIPULATION

16          Defendants. [Discovery Document: Referred to
Magistrate Judge Jacqueline Chooljian]
17
Hearing Date:     December 22, 2020
18 Hearing Time:     9:30 a.m.
Place:            Courtroom 750, Roybal
19
Complaint Filed: September 25, 2019
20 Discovery Cut-off: November 28, 2020
Pre-Trial Conference: April 30, 2021
21 Trial Date:      May 31, 2021
District Judge:   Hon. Stanley
22                  Blumenfeld, Jr.
Courtroom 6C, First St.
23 Magistrate Judge: Hon. Jacqueline
Chooljian
24                  Courtroom 750, Roybal

25

26

27

28

45013110_2.docx

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on December 22, 2020 at 9:30 a.m., or as soon thereafter as the matter can be heard in Courtroom 750 of the above-referenced Court, located at 255 East Temple Street, Los Angeles, CA, 90012, defendant Walgreen Co. ("Defendant" or "Walgreens") will move the Court:

1.     For an order compelling plaintiff Amira Saad as custodian of records for her business, third-party WellCare Pharmacy, LLC ("WellCare"), to produce documents in response to Defendant's records subpoena.

2.     For an order continuing Plaintiff's deposition for an additional seven-hour day, free from obstruction by Plaintiff's Counsel, to permit Defendant to question Plaintiff regarding WellCare's documents as well as other late-produced documents.

This Motion is made pursuant to U.S. District Court – Central District Rules ("Local Rule") 37-1 and 37-2 and Federal Rules of Civil Procedure 30, 37, and 45.

Good cause exists for the order requested, as the information sought is well within the scope of allowable discovery and is not overly broad or unduly burdensome. Complete production of WellCare's financial records is necessary for Defendant and its experts to assess Plaintiff's alleged special damages of up to $10,000,000 and evaluate whether Plaintiff made reasonable efforts to mitigate those damages. This is especially so here, where neither Plaintiff nor WellCare objected to Defendant's subpoena, where Plaintiff produced a subset of responsive documents (reflecting only the first three months of WellCare's operation in 2019) before abruptly declining to produce any additional documents (which would reflect WellCare's performance for 2020), and where Plaintiff has utterly failed to enunciate any grounds for her recalcitrance.

More time is needed to "fairly examine" Plaintiff regarding WellCare's financial records, once produced, as well as other late-produced communications between Plaintiff and key witnesses. Plaintiff's long term of employment and broad

45013110_2.docx

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

allegations of sex, race, national origin, and physical disability discrimination, among other claims, required Defendant to undertake detailed, time-consuming examination to understand Plaintiff's claims and collect evidence to support its defenses. Unfortunately, Plaintiff's Counsel's lengthy speaking objections and arguments with counsel have delayed and impeded Plaintiff's deposition. Additionally, Plaintiff's own meandering, argumentative, and often non-responsive answers have required Defendant's Counsel to spend valuable time reminding Plaintiff of the actual question asked and repeatedly pressing for a responsive answer. Because of this unjustified and inappropriate conduct, Defendant respectfully asks the Court for additional deposition time so it can inquire about all areas needed to mount its defenses in this matter without undue obstruction from Plaintiff's Counsel.

Defendant's motion to compel is based on the following Joint Stipulation and the exhibits and declarations attached thereto, any supplemental memoranda filed pursuant to Local Rule 37-2.3, any additional evidence and argument as may be presented at the hearing on this motion, and all of the pleadings and other filings in this action.

DATED: November 30, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Leslie H. Helmer
Leslie H. Helmer
Kathleen J. Choi
Kristin N. Kovacich

Attorneys for Defendant
WALGREEN CO.

Case No. 2:19-cv-09869 SB (JCx)

45013110_2.docx

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   PRELIMINARY STATEMENTS ...................................................... 1

    A.    Defendant's Preliminary Statement ................................. 1

    B.    Plaintiff's Preliminary Statement ..................................... 4

III.  DISCOVERY IN DISPUTE............................................................. 4

    A.    Subpoena to WellCare Pharmacy, LLC ........................... 4

    B.    Additional Time For Plaintiff Amira Saad's Deposition ............... 6

IV.   DEFENDANT'S MEMORANDUM OF POINTS AND
    AUTHORITIES ............................................................................... 6

    A.    Relevant Factual and Procedural Background .............................. 6

        1.    Walgreen's efforts to obtain WellCare Pharmacy's
            financial records began in July 2020. ...............................7

        2.    Walgreen's meet and confer efforts with Saad's
            Counsel are met with delay tactics and outright
            misrepresentations...........................................................7

        3.    After Walgreen brings this issue to the Court's
            attention, Saad produces a subset of responsive
            documents to the WellCare Subpoena on October
            13, 2020 but refuses to complete the production. ................9

        4.    Walgreens' efforts to depose Saad are hobbled by
            Saad and her Counsel's obstruction, personal
            insults, and unprofessional conduct. ...............................10

    B.    Good Cause Exists To Compel Further Production
        Because WellCare's Financial Records Are Critical
        Mitigation Evidence. ..................................................... 13

    C.    Good Cause Exists To Compel Continuing Additional
        Deposition of Plaintiff for an Additional Seven-Hour Day. ........ 15

V.    CONCLUSION............................................................................... 17

VI.   PLAINTIFF'S MEMORANDUM OF POINTS AND
    AUTHORITIES ............................................................................. 17

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Christensen v. Provident Life & Acc. Ins. Co.*,
2009 WL 1636020 (N.D. Cal. June 9, 2009) ........................................ 16

*Davis v. Kelly Servs., Inc.*,
2017 WL 10562943, at *1 (C.D. Cal. July 12, 2017) ........................... 13

*Drake v. Morgan Stanley & Co.*,
2010 WL 11596565 (C.D. Cal. July 2, 2010) ...................................... 16

*Gragossian v. Cardinal Health, Inc.*,
2008 WL 11340382 (C.D. Cal. June 25, 2008) .................................... 13

*LaPlante v. Estano*,
226 F.R.D. 439 (D. Conn. 2005) .......................................................... 16

*Mahe v. Cont'l Tire The Americas, LLC*,
2012 WL 13014611 (C.D. Cal. Mar. 28, 2012) .................................... 16

*Roberson v. Bair*,
242 F.R.D. 130 (D.D.C. 2007) ............................................................. 17

*S.E.C. v. Schroeder*,
2009 WL 3320417 (N.D. Cal. Oct. 13, 2009) ...................................... 16

*Smith v. Great Am. Restaurants, Inc.*,
969 F.2d 430 (7th Cir. 1992) ................................................................ 13

*United States v. 2,640 Cases of Imported Bottled Alcohol*,
2020 WL 6150917 (C.D. Cal. Aug. 5, 2020) ....................................... 14

*United States v. Procter & Gamble Co.*,
356 U.S. 677 (1958) ............................................................................. 14

**California Cases**

*Cordero-Sacks v. Hous. Auth. of City of Los Angeles*,
200 Cal. App. 4th 1267 (2011), *as modified on denial of reh'g* (Dec.
15, 2011) ............................................................................................... 13

*Powerhouse Motorsports Grp., Inc. v. Yamaha Motor Corp., U.S.A.*,
221 Cal. App. 4th 867 (2013), *as modified on denial of reh'g* (Dec.
24, 2013) ............................................................................................... 13

*Stanchfield v. Hamer Toyota, Inc.*,
37 Cal. App. 4th 1495 (1995) .............................................................. 13

ii

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

45013110_2.docx

**California Statutes**

Cal. Gov't Code
 § 12940(a) et seq...........................................................................................6
 § 12940(h).....................................................................................................6
 § 12940(k).....................................................................................................6
 § 12940(m)....................................................................................................6
 § 12940(n) et seq. .........................................................................................6

Cal. Labor Code
 § 512 et seq. ..................................................................................................6

**Other State Statutes**

Labor Code
 § 1102.5 .........................................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 30(d)(1) ...................................................15

Local Rule 37-1 .......................................................................................1, 8

Local Rule 37-2.1 ........................................................................................1

Rule 26(a)(1)...............................................................................................9

Rule 30......................................................................................................15

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

45013110_2.docx

**I.    INTRODUCTION**

Pursuant to Local Rule 37-1, the parties met and conferred via written correspondence and telephone on September 25, September 28, 2020, October 7, 2020, and again on November 2 and November 9, 2020. To date, this discovery dispute has not been resolved. Accordingly, pursuant to Local Rule 37-2.1, the parties hereby submit this Joint Stipulation regarding defendant Walgreen Co.'s ("Defendant" or "Walgreens") motion to compel (i) plaintiff Amira Saad as custodian of records for her business, third-party WellCare Pharmacy, LLC ("WellCare"), to produce documents in response to Defendant's records subpoena; and (ii) an additional seven-hour day of Plaintiff's deposition, free from obstruction by Plaintiff's Counsel, to permit Defendant to question Plaintiff regarding WellCare's documents as well as other late-produced documents.

A true and correct copy of the Court's initial Scheduling Order, and subsequent Scheduling Orders establishing the case schedule are attached to the Declaration of Leslie Helmer in Support of Motion to Compel ("Helmer Decl.") as Exhibits 1, 2, and 3.

**II.    PRELIMINARY STATEMENTS**

**A.    Defendant's Preliminary Statement**

Defendant Walgreen Co. ("Defendant" or "Walgreens") terminated the employment of plaintiff Amira Saad ("Plaintiff" or "Saad"), a former Pharmacy Manager, effective August 14, 2017. (ECF No. 1-1 [Compl., ¶ 19].) Saad sued Walgreens, alleging nine claims under California's Fair Employment and Housing Act as well as the Labor Code. Saad later testified that her allegations against Walgreens are not limited to her pleaded claims. She testified she believed Walgreens also discriminated against her based on four additional grounds not explicitly identified in her Complaint. (Helmer Decl., ¶ 11, Ex. 12 [Saad Tr. 53:21-

1

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

55:2].[1])

Following her employment termination, Saad quickly obtained employment at Owl Rexall, earning more per hour than she had at Walgreens. (Saad Tr. 191:3-6, 194:14-20.) Despite this, Saad resigned her position at Owl Rexall in October 2018 to open her own pharmacy—WellCare Pharmacy, LLC. (Saad Tr. 193:10-12, 185:1-4.) Now Saad seeks to recover from Walgreens either $10,000,000 or $450,000 in special damages (among other damages), reflecting her alleged lost wages and loss of future earning capacity. (*See* ECF Nos. 1-7, 13 at Item E.) To better evaluate Saad's alleged damages, and determine whether she acted reasonably to mitigate those damages, Walgreens served a records subpoena on WellCare Pharmacy, LLC on July 21, 2020 seeking the company's financial records. (Helmer Decl., ¶ 3, Ex. 5). The subpoenaed records were due no later than August 5, 2020. (*Id*.)

During the past four months, Walgreens has repeatedly met and conferred with Saad in an effort to obtain complete production. It has been met with broken promises of production (supposedly, at Saad's deposition, but nothing was produced) and outright misrepresentations (denying subpoena was ever served, denying Saad is the custodian of records for WellCare, claiming an objection was timely served by WellCare's nonexistent legal counsel). (*See generally* Helmer Decl., ¶¶ 4-11.) Walgreens was only able to obtain a partial production on October 13—limited to WellCare's 2019 federal income tax return—after bringing this issue to the Court's attention. (*Id*., ¶ 13.) But WellCare has only been operating since October 2019, so the 2019 tax return is of limited utility in evaluating the current financial performance of the business. Additional meet and confer efforts to obtain 2020 records received no substantive response—Saad's Counsel simply retorted that

---

[1]     All excerpts from volume one of Saad's deposition (consisting of transcript pages 1-38), taken on September 17, 2020, are attached to the concurrently-filed Declaration of Leslie Helmer as **Exhibit 7**.  All excerpts from volume two of Saad's deposition (consisting of transcript pages 39-342), taken on September 29, 2020, are attached the Declaration of Leslie Helmer as **Exhibit 12**.

2

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

45013110_2.docx

Walgreens had no recourse because any motion to compel would be heard after discovery cut-off.[2]

Saad's intransigence concerning the WellCare subpoena has been equaled or exceeded by her lack of cooperation and her Counsel's obstruction and gamesmanship at her deposition. After multiple efforts to schedule Saad's deposition on a mutually acceptable date, her deposition began on September 17, 2020. (Helmer Decl., ¶ 5.) Walgreens' Counsel was forced to suspend the deposition after less than an hour following multiple interruptions and lengthy speeches by Saad's Counsel on the record. (*Id.*) Walgreens reluctantly agreed to reconvene Saad's deposition without first seeking judicial intervention in an attempt to move forward with an agreed deposition schedule and to complete discovery without burdening the Court with motion practice. (*Id.*, ¶ 6.) Saad's deposition continued on September 29, 2020. (*Id.*, ¶ 10.) Unfortunately, this examination was also marred by Saad's Counsel's grandstanding ("All I know is I got a lot of money on Ryan Nguyen, and I'm going to get even more on this one") and personal attacks on Walgreens' Counsel ("I guess you're the pinch hitter for misconduct at Ogletree, because it seems that whenever there is misbehavior at your firm, you're front and center." (Saad Tr. 63:7-9, 105:19-106:1.) Further impeding a full and fair examination, Saad often gave meandering, argumentative, or non-responsive answers to straightforward questions. (*See, e.g.*, Saad Tr. 68:24-75:1 [six pages of non-responsive answers and speaking objections to the question "[h]ow many negative or rude comments did Mr. Amad make about the fact that you're a woman? Just the number."]) Due to this behavior Walgreens was unable to complete a full and fair examination of Saad's extensive allegations. It had no opportunity at all to examine Saad concerning the tardy October 13 production of

---

[2]     Walgreen has separately filed an *ex parte* application seeking a limited extension of the discovery cut-off for the express purpose of allowing this motion to be heard and the Court's further instructions executed. It has addressed issues of diligence and timeliness thoroughly there.

partial WellCare financial records and text message communications between Saad and a key witness.

Saad and her Counsel should not be rewarded for their delay tactics and stonewalling while Walgreens is deprived of critical discovery that it has attempted to obtain for months without burdening the Court with motion practice. It is undisputed that WellCare's financial records are relevant to Saad's damages and mitigation of those damages. Producing these records impose no burden on Saad other than collecting and producing records that should be kept in the ordinary course of her business. Similarly, an additional day of deposition to allow examination of these clearly-relevant documents is appropriate. Any burden on Saad is entirely of her own creation. Nor will this limited additional discovery delay trial, which is over six months away. For these reasons and those stated below, Walgreens respectfully requests the Court grant its motion to compel.

**B.** **Plaintiff's Preliminary Statement**

**[No response received from Plaintiff as of November 30, 2020]**

## III. DISCOVERY IN DISPUTE

### A. Subpoena to WellCare Pharmacy, LLC

Please produce the following DOCUMENTS in YOUR possession, custody, or control CONCERNING the entity WELLCARE PHARMACY, LLC, located 15530 Hawthorne Blvd., Torrance, CA 90504 ("hereinafter "WELLCARE PHARMACY") from its inception to the present:

i.    All agreements between the Parties, any Party's agreement with YOU, and agreements CONCERNING WELLCARE PHARMACY (agreements include but are not limited to DOCUMENTS CONCERNING WELLCARE PHARMACY's formation, operating agreement, membership, governance, management, control, shares, ownership, holdings, amendments, Sand bylaws);

ii.    All of WELLCARE PHARMACY's meeting minutes and notes taken

4

Case No. 2:19-cv-09869 SB (JCx)

45013110_2.docx

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

CONCERNING the meeting minutes;

iii.    All of WELLCARE PHARMACY's bank account records including but not limited to account statements, transaction history, fund transfers, deposits, and withdrawals;

iv.    All of WELLCARE PHARMACY's tax returns;

v.    All K-1s issued by WELLCARE PHARMACY;

vi.    Listing of all contributions made to WELLCARE PHARMACY, including who paid the contributions, the date and the amounts;

vii.    Listing of all distributions made by WELLCARE PHARMACY, including payee, dates and amounts;

viii.    WELLCARE PHARMACY's annual profit and loss statements to record revenue and expenses;

ix.    WELLCARE PHARMACY's annual balance sheets to record assets, liabilities and equity;

x.    Annual Reconciliation of the equity in WELLCARE PHARMACY as a whole and for each individual with an ownership interest in WELLCARE PHARMACY;

xi.    For any refinances, the final closing statements of the refinance and details regarding the disbursements of loan funds, including but not limited to, payees, dates, amounts paid and the use of the funds;

xii.    Listing of all capital expenditures made to the properties owned or held by WELLCARE PHARMACY (including renovations, equipment), the amounts paid, dates paid, the payee and payor;

xiii.    All COMMUNICATIONS between YOU and any of the PARTIES in this litigation CONCERNING WELLCARE PHARMACY including but not limited to statements of accounts, monthly reports, yearly reports, and financial statements;

xiv.    All COMMUNICATIONS between YOU and any brokers, real estate

Case No. 2:19-cv-09869 SB (JCx)

45013110_2.docx

agents, and escrow officers CONCERNING any property WELLCARE PHARMACY holds interest and/or title to; and

xv.   COMMUNICATIONS between YOU and Sean Nova[]k and/or the Novak Law Firm, P.C., CONCERNING the entity WELLCARE PHARMACY, LLC.

To date, Walgreen has not received any written objection to the subpoena. (Helmer Decl., ¶ 3, Ex. 5.)

### B.   Additional Time For Plaintiff Amira Saad's Deposition

Walgreens respectfully seeks an additional seven (7) hour day to complete Saad's deposition.

## IV.   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

### A.   Relevant Factual and Procedural Background

Walgreens employed Saad from 1999 through August 14, 2017. (ECF No. 1-1 [Compl., ¶¶ 15, 19].) After her employment ended, Saad sued Walgreens, alleging nine claims for (1) Physical Disability Discrimination (Cal. Gov't Code §12940(a) et seq.); (2) Failure to Make Reasonable Accommodation for Physical Disability (Cal. Gov't Code §12940(m)); (3) Failure to Engage in the Interactive Process (Cal. Gov't Code §12940(n) et seq.); (4) Retaliation in Violation of the Fair Employment & Housing Act (Cal. Gov't Code §12940(h) and Labor Code §1102.5); (5) Harassment in Violation of Cal. Gov't Code §12940(a) et seq.); (6) Failure to Take All Reasonable Steps to Prevent Discrimination, Harassment and Retaliation (Cal. Gov't Code §12940(k)); (7) Wrongful Termination in Violation of Public Policy and FEHA; (8) Discrimination in Violation of FEHA ((Cal. Gov't Code §12940(a), et seq.); and (9) Unpaid Overtime and Wages (Cal. Labor Code §512 et seq.). Saad later testified she believed Walgreens also discriminated against her based on her age, gender, race, and national origin or ethnicity. (Saad Tr. 53:21-55:2.)

Following her employment termination, Saad quickly obtained employment at Owl Rexall, earning more per hour than she had at Walgreens. (Saad Tr. 191:3-6,

6

Case No. 2:19-cv-09869 SB (JCx)

45013110_2.docx

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

194:14-20.) Despite this, Saad resigned her position at Owl Rexall in October 2018 to open her own pharmacy—WellCare Pharmacy, LLC. (Saad Tr. 193:10-12, 185:1-4.) Now Saad seeks to recover from Walgreens either $10,000,000 or $450,000 in special damages (among other damages), reflecting her alleged lost wages and loss of future earning capacity. (*See* ECF Nos. 1-7, 13 at Item E.)

### 1.   Walgreen's efforts to obtain WellCare Pharmacy's financial records began in July 2020.

To better understand Saad's substantial special damages claim, Walgreens has diligently attempted to obtain business and financial documents from Saad's company, WellCare Pharmacy, LLC, for months. It served a records subpoena on WellCare Pharmacy, LLC on July 21, 2020 seeking the documents described above in Section III(A). (Helmer Decl., ¶ 3, Ex. 5.) The subpoenaed records were due no later than August 5, 2020. (*Id*.) The attorney service employed by Walgreens' Counsel, First Records Retrieval, contacted Saad in her role as custodian of records for WellCare no fewer than eleven times from August through September 2020 in an effort to secure her cooperation. (*Id*., Ex. 6.) Saad initially promised to produce the documents at her deposition. (*Id*.)

When the documents were still missing after the first, partial, day of Saad's deposition on September 17, Counsel for Walgreens contacted Counsel for Saad, Sean Novak, on September 22, 2020 in an effort to resolve the impasse. (Helmer Decl., ¶ 7, Ex. 8.) Remarkably, Mr. Novak claimed no discovery request was pending. (*Id*.) He later acknowledged the existence of the subpoena but claimed WellCare served objections. (*Id*.) Walgreens has no record of receiving any objections from Mr. Novak or any other individual or entity in connection with this subpoena. (*Id*., ¶ 3.)

### 2.   Walgreen's meet and confer efforts with Saad's Counsel are met with delay tactics and outright misrepresentations.

Walgreen diligently attempted to meet and confer with Mr. Novak in the hope

7

45013110_2.docx

of reaching a reasonable compromise and avoiding motion practice. On September 25, 2020, Counsel for Walgreen sent Mr. Novak a meet and confer letter pursuant to Local Rule 37-1. (Helmer Decl., ¶ 8, Ex. 9.) Rather than respond to the substance of the letter, Mr. Novak's September 28, 2020 response denied representing WellCare in any capacity, referred again to his "understanding" that an unnamed "legal representative served a timely objection to the purported subpoena," and argued Saad had "**no** obligation…to produce documents in the possession, custody or control of a separate legal entity…." (*Id.*, Ex. 10 [emphasis in original].)

Counsel for Walgreen immediately responded, explaining that she understood Saad to be the custodian of records for WellCare and asked Mr. Novak to identify WellCare's legal representative. (Helmer Decl., ¶ 10, Ex. 11.) Bizarrely, Mr. Novak wrote in response "Ms. Saad is not the custodian of records for the financial documents for the entity" and then offered to act as an intermediary between Walgreen and the unnamed WellCare legal representative. (*Id.* ["[i]f you prepare a meet and confer on the subpoena issues, we can ensure it is reviewed by the appropriate parties."]) Although Counsel for Walgreen repeatedly pressed Mr. Novak to identify WellCare's representative—with whom he purported to be in communication—Mr. Novak never did so. (*Id.*) The reason did not become clear until Saad's September 29, 2020 deposition—***there is no separate WellCare legal representative***.

Saad's testimony revealed that Mr. Novak's denials of receipt of the subpoena and vague allusions to written objections served by unidentified legal counsel— which continued *during* the deposition—were at best unfounded and at worst knowing misrepresentations. (*See, e.g.,* Saad Tr. 188:17-21 ["WellCare is a separate entity, and you didn't serve WellCare with a subpoena. The agent for service of process was never served. She's referring to counsel. It may or may not be me."]) Saad acknowledged receipt of Walgreen's subpoena on the record. (Saad Tr. 187:21-188:10.) She also admitted she is the sole owner and sole employee of WellCare.

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

45013110_2.docx

(Saad Tr. 185:1-9, 189:19-24.) And she admitted that WellCare is ***not*** separately represented by any attorney. (Saad Tr. 189:25-190:7.) Despite these admissions, which made it clear no valid legal basis existed for Saad's ongoing failure to produce WellCare's records, Saad continued to stonewall this critical discovery.

### 3.   After Walgreen brings this issue to the Court's attention, Saad produces a subset of responsive documents to the WellCare Subpoena on October 13, 2020 but refuses to complete the production.

Following Saad's admissions in her deposition, Counsel for Walgreen again met and conferred with Mr. Novak on October 7, 2020. (Helmer Decl., ¶ 12.) For the first time, Mr. Novak agreed to produce responsive documents that week. (*Id.*) Unfortunately, when Walgreen received nothing further that week, it was forced to move *ex parte* for an order reopening discovery and continuing all dates. (ECF No. 22.) Its moving papers highlighted Saad's stonewalling and delay tactics on several discovery issues, including the WellCare financial records. (*Id.* at 4:16-6:19.)

In response, on October 13, 2020 (the same day he filed his opposition to Walgreen's ex parte application), Mr. Novak served "Plaintiff's Supplemental Disclosure Report Made Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure," which included WellCare Pharmacy's 2019 federal income tax return as well as text messages identified during Saad's deposition. (Helmer Decl., ¶ 13.) No supporting documentation of WellCare's underlying revenues or expenses was included. (*Id.*) Nothing in the Supplemental Disclosure Report production reflects WellCare's revenues or expenses in 2020. (*Id.*)

Hopeful that production of the Supplemental Disclosure Report signaled a new willingness to cooperate on resolution of discovery issues, Counsel for Walgreens again attempted to meet and confer with Mr. Novak regarding the balance of WellCare's financial records. Counsel met and conferred telephonically on November 2, 2020. (Helmer Decl., ¶ 14.) Mr. Novak voiced no objection to the

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

substance of the WellCare Subpoena with the sole exception of the item (iii) request for bank account records. (*Id.*) He represented Saad provided to her accountant all of the underlying financial records supporting the figures in the 2019 tax return and stated he would have no objection if Walgreen subpoenaed Saad's accountant. (*Id.*) Counsel for Walgreen agreed to withdraw the request for WellCare's bank account records and stated its intention to subpoena Saad's accountant for the underlying financial records used to prepare WellCare's 2019 tax return. (*Id.*)

Following the November 2 call, Counsel for Walgreen reviewed Saad's deposition testimony and noted Saad's testimony that WellCare only started doing business in October 2019 despite registering to do business in September 2018. (Saad Tr. 221:17-23.) Counsel for Walgreen immediately wrote to Mr. Novak, seeking confirmation that Saad would produce WellCare's financial records for 2020, as the 2019 records were unlikely to accurately reflect the business's performance to date. (Helmer Decl., ¶ 15, Ex. 13.) Although Mr. Novak promised a substantive response, none has been received to date. (*Id.*)

Not only have Walgreens' efforts to mount a defense been hobbled by Saad's baseless refusal to produce key information about her mitigation efforts but her conduct and that of Mr. Novak have prevented Walgreens from obtaining a full and fair deposition.

### 4. <u>Walgreens' efforts to depose Saad are hobbled by Saad and her Counsel's obstruction, personal insults, and unprofessional conduct.</u>

Walgreens noticed Saad's deposition several times in 2020 and the parties agreed to proceed on September 17, 2020. (Helmer Decl., ¶ 5.) Walgreens' Counsel was forced to suspend the deposition after less than an hour when the parties could not agree on how to place exhibits before Saad. (Saad Tr. 19:20-36:24.) Rather than negotiate a compromise, Mr. Novak chose to interrupt with lengthy speeches castigating Walgreens' counsel. (*Id.*) After meeting and conferring to discuss all the

10

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

outstanding depositions, Walgreens reluctantly agreed to reconvene Saad's deposition without first seeking judicial intervention in an attempt to move forward with an agreed deposition schedule and to complete discovery without burdening the Court with motion practice. (Helmer Decl., ¶ 6.) Saad's deposition continued on September 29, 2020. (*Id.*, ¶ 11.)

Unfortunately, Saad's deposition continued to be marred by Mr. Novak's obstruction and grandstanding. Walgreens' Counsel was repeatedly forced to stop her questions and respond to Mr. Novak's speaking objections and personal attacks and insults. For example, Walgreens' Counsel's question "[d]o you understand what a slur is?" drew a speaking objection followed by inappropriate and irrelevant boasting about a completely unrelated case:

> MR. NOVAK:· I've been down this road with you before, and you've gotten nothing.· I can't remember a motion you've ever won against me.

> MS. FALCONE:· You're wrong about that.· I won the motion to compel --

> MR. NOVAK:· Why don't you research that.· All I· know is I got a lot of money on Ryan Nguyen, and I'm going to get even more on this one.

> MS. FALCONE:· I won the motion to compel, and the judge --

> MR. NOVAK:· Oh, yeah?· What did you get for that?· What did you get for that, except your client paying a lot of money twice on the same case, the class action and the individual case?

> MS. FALCONE:· Mr. Novak, your client had to come back for an additional day of testimony, and the· judge said your comment was inappropriate.

> MR. NOVAK:· And how did that work out for your client in the end?· Okay?

(Saad Tr. 61:2-66:13; *see also* Saad Tr. 72:3-74:12, 103:22-106:7, 144:21-149:1.)

Efforts by Walgreens' Counsel to curtail this conduct only triggered personal attacks:

> MS. FALCONE:· This is a speaking objection, and the witness—

> MR. NOVAK:· I'm going to read to you – every time you say that, I'm going to start reading you the Federal Rules of Civil Procedure on objections in depositions verbatim so that you understand what an objection is, because I don't think you do.· Okay? I don't want colloquy.· There's no need for this, Counsel. You didn't need to say

11

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

that, and I didn't want to have to say a response.· Every time you do this, you create the dialogue that we don't want, so go ahead, please. Will you clarify your question or ask a new question?

MS. FALCONE:· Mr. Novak, you are making speaking objections, you are yelling at me, you are interrupting, and you are making unprofessional comments.· Please stop.

MR. NOVAK:· Okay, Counsel, you're just being rude.· I'm not yelling at you.· I told you already I'm sitting about eight feet from Ms. Saad, so whatever I'm having to do for the speaker and the phone to pick up my voice is all I'm doing.· And then with regard to your insult, I'm used to it from you, and I assure you I give it no mind, although your record of your inappropriate conduct is shameful.· Okay?· Your long history of inappropriate conduct.· I guess you're the pinch hitter for misconduct at Ogletree, because it seems that whenever there is misbehavior at your firm, you're front and center. Okay? So I guess that's your niche.

(Saad Tr. 104:24-106:7.) Mr. Novak also interjected unnecessary and belittling references to Walgreen's Counsel's "higher ups" and "what you consider to be your career" (Saad Tr. 313:13, 202:19-22) and inaccurate boasts that "you don't have the hour that it takes me to tell you everything I have accomplished, including beating your firm in every case I've ever had against it for 23 years[]" (Saad Tr. 202:23-203:1).

Additionally, Saad gave meandering, argumentative, or non-responsive answers to straightforward questions. (*See, e.g.*, Saad Tr. 68:24-75:1 [six pages of non-responsive answers and speaking objections to the question "[h]ow many negative or rude comments did Mr. Amad make about the fact that you're a woman? Just the number"]; Saad Tr. 103:22-107:15 [nearly four pages of non-responsive answers, speaking objections, and personal insults to the question "[o]ther than Mr. Ing, do you know whether anyone else had any input in the decision to end your employment at Walgreens?"]).

Based on this misconduct, Saad's ongoing failure to produce WellCare's financial records, as well as testimony describing other key documents improperly withheld from production, Walgreen declined to close Saad's deposition, reserving its right to seek leave from the Court to recall Saad for additional testimony once it obtained the necessary documents. (Helmer Decl., ¶ 11.)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

**B.**     <u>**Good Cause Exists To Compel Further Production Because**</u>
<u>**WellCare's Financial Records Are Critical Mitigation Evidence.**</u>

Complete production of WellCare Pharmacy's financial records, including but not limited to its 2020 financial records, should be compelled because these are directly relevant to the fact question of whether Saad reasonably mitigated her losses. It is well-established in California that "plaintiff cannot be compensated for damages that were not incurred or could have been mitigated by reasonable effort or expenditures " *Powerhouse Motorsports Grp., Inc. v. Yamaha Motor Corp., U.S.A.*, 221 Cal. App. 4th 867, 884, (2013), *as modified on denial of reh'g* (Dec. 24, 2013). Defendant employers have a right to their former employee's records of subsequent employment or academic enrollment because "[t]he records are [] relevant to her claim for damages; if the records show that she devoted herself full time to graduate studies she may have claim to less damages for failure to mitigate." *Gragossian v. Cardinal Health, Inc*., 2008 WL 11340382, at *2 (C.D. Cal. June 25, 2008); *see also Stanchfield v. Hamer Toyota, Inc.,* 37 Cal. App. 4th 1495, 1502 (1995) (jury may properly take into account an employee's failure to retain comparable employment in assessing mitigation of damages); *Davis v. Kelly Servs*., *Inc*., 2017 WL 10562943, at *1 (C.D. Cal. July 12, 2017) (denying motion to quash subpoena to subsequent employer for plaintiff's performance evaluations and disciplinary records because relevant to mitigation). A comprehensive production is particularly important where the former employee is now self-employed. Because the "issue of reasonable mitigation is ultimately a question of fact for the jury," defendant must place evidence of the new business's gross and net revenues and profit before the jury. *See Smith v. Great Am. Restaurants, Inc*., 969 F.2d 430, 439 (7th Cir. 1992). These records are also relevant to show whether Saad's mitigation effort were ***reasonable*** as reflected in whether she "applie[d] sufficient effort trying to make the business successful, even if those efforts fail." *Cordero-Sacks v. Hous. Auth. of City of Los Angeles*, 200 Cal. App. 4th 1267, 1284–85 (2011), *as modified on denial of reh'g*

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE
PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

(Dec. 15, 2011).

A partial production of WellCare's 2019 tax return is insufficient because, taken at face value, it depicts only the first three months of WellCare's financial results following its October 2019 opening. At this point, WellCare has been in operation for over a year. And WellCare's 2019 tax return raises questions that only the underlying financial records can answer. For example, Saad testified that she made no money from WellCare. (Saad Tr. 222:4-17.) However, the tax return shows Saad purchased a 2019 Tesla Model 3 for $52,000 on March 17, 2019. Further production of WellCare's financial records is necessary to determine whether Saad is treating her living expenses as business expenses. If Saad has done so, in lieu of drawing a salary from WellCare, that fact is highly relevant to the question of what she "earned or could have earned by returning to gainful employment." Judicial Council Of California Civil Jury Instruction 3961 ("Duty to Mitigate Damages for Past Lost Earnings"). Without the complete financial records, Walgreen has no way of validating Saad's hefty claim for special damages, which would include lost wages and loss of future earning capacity, currently either $10,000,000 or "in excess of $450,000." (*See* ECF Nos. 1-7, 13 at Paragraph E.)

No showing justifying Saad's failure to produce WellCare's financial records has been made. "Modern instruments of discovery serve a useful purpose.…[to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent [citation omitted]. Only strong public policies weigh against disclosure." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *United States v. 2,640 Cases of Imported Bottled Alcohol*, 2020 WL 6150917, at *2 (C.D. Cal. Aug. 5, 2020) (quoting *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009)). Counsel for Walgreens never received any written objection to the WellCare Subpoena. (Helmer Decl., ¶ 3.) Nor

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

has Mr. Novak raised even a verbal objection to the substance of the WellCare Subpoena, with the exception of the portion of the Subpoena requesting the company's bank account records, which has since been resolved. (Helmer Decl., ¶ 14.) Indeed, Saad's production of WellCare's 2019 federal income tax return strongly suggests she concedes that WellCare's financial records are relevant, responsive, and subject to discovery.

**C.** **Good Cause Exists To Compel Continuing Additional Deposition of Plaintiff for an Additional Seven-Hour Day.**

Once Saad finally produces WellCare's complete financial records, her deposition should be continued for another day so Walgreens can finally question her about these documents and the balance of her tardy October 13 Supplemental Disclosure Report. Federal Rule of Civil Procedure 30(d)(1) requires granting additional time for Saad's deposition "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The Advisory Committee Notes on the 2000 amendment to Rule 30 identifies a number of factors to be considered on a request for more deposition time.

> For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time.

Several of these factors weigh in favor of granting Walgreens additional time to depose Saad. First, although Saad did not require a translator, she testified "English is my second language" and a number of questions and responses required

15

clarification to ensure Saad and Walgreens' Counsel understood one another. (Saad Tr. 107:7.) Second, this case is founded on Saad's eighteen-year employment with Walgreens—a "long period of time" by any measure. And the breadth of Saad's allegations (both her expressly pleaded claims and her additional allegations detailed for the first time in her deposition) only made it more difficult to obtain a full and fair examination within the seven-hour limit. Finally, as detailed above, Saad produced key mitigation evidence and communications with another key witness *after* her deposition and more documents are still outstanding.

Additionally, federal courts often grant additional deposition time where the witness plays an important role in the underlying disputed events or the witness and/or her counsel fail to cooperate to provide responsive testimony to reasonable questions. Saad's and her Counsel's "recalcitrant and uncooperative" conduct prevented Walgreens from conducting a full and fair examination. *LaPlante v. Estano*, 226 F.R.D. 439, 440 (D. Conn. 2005) (criticizing plaintiff's "refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome" and granting defendant additional time to depose plaintiff). Their behavior was particularly harmful to Walgreens' ability to mount its defense because plaintiff is the most important witness in an employment dispute. *See Mahe v. Cont'l Tire The Americas, LLC,* 2012 WL 13014611, at *3 (C.D. Cal. Mar. 28, 2012) (defendants granted three additional hours to depose plaintiff due to language barrier and plaintiff's evasive responses); *Drake v. Morgan Stanley & Co*., 2010 WL 11596565, at *2 (C.D. Cal. July 2, 2010) (granting defendant additional time to depose plaintiff in employment dispute where plaintiff provided income tax returns *after* his deposition and there were questions about his credibility); *S.E.C. v. Schroeder*, 2009 WL 3320417, at *2 (N.D. Cal. Oct. 13, 2009) (granting defendant 10 hours to depose a key witness even though defendant was unable to provide specifics explaining her importance); *Christensen v. Provident Life & Acc. Ins. Co*., 2009 WL 1636020, at *1 (N.D. Cal. June 9, 2009) (granting

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

defendant additional four hours to depose plaintiff about heavily redacted desk calendar); *Roberson v. Bair*, 242 F.R.D. 130, 139 (D.D.C. 2007) (in employment case, granting defendant additional seven hours to depose plaintiff where plaintiff made detailed factual allegations and failed to produce relevant documents before deposition).

In light of the language challenges, long time period at issue, extensive allegations, and tardy and still-pending production of undisputedly relevant documents, Walgreens must have additional time to depose Saad. Seven additional hours is appropriate and proportional due to Saad's and Mr. Novak's "recalcitrant and uncooperative" conduct during the prior days of Saad's deposition.

## V.   CONCLUSION

For these reasons, Walgreen respectfully requests this Court decline to reward Saad and her Counsel's stonewalling and delay tactics by depriving Walgreens of critical discovery. This Court should grant Walgreens' motion to compel and issue an order compelling Saad, as custodian of records for WellCare Pharmacy, LLC, to produce all documents and data in her possession, custody, or control responsive to the categories of financial records listed in the Subpoena. Additionally, this Court should grant Walgreens' motion to compel and order Saad to sit for an additional seven (7) hour day of deposition testimony free of obstructive conduct and speaking objections.

## VI.   PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

**[No response received from Plaintiff as of November 30, 2020]**

17

Case No. 2:19-cv-09869 SB (JCx)

NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO WELLCARE PHARMACY AND TO CONTINUE PLAINTIFF'S DEPOSITION; JOINT STIPULATION

45013110_2.docx

DATED:_____, 2020        THE NOVAK LAW FIRM, P.C.


By: _____
       Sean M. Novak

Attorneys for Plaintiff
AMIRA SAAD

DATED: November 18, 2020        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Leslie H. Helmer _____
       Leslie H. Helmer
       Kathleen J. Choi
       Kristin N. Kovacich

Attorneys for Defendant
WALGREEN CO.

45013110.2

45013110_2.docx