LESLIE H. HELMER, CA Bar No. 150296
leslie.helmer@ogletree.com
KATHLEEN J. CHOI, CA Bar No. 284428
kathleen.choi@ogletree.com
KRISTIN N. KOVACICH, CA Bar No. 322454
kristin.kovacich@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIRA SAAD,<br><br>  Plaintiff,<br><br>  v.<br><br>WALGREEN, CO.; WALGREEN FAMILY OF COMPANIES; DOES 1 TO 50, INCLUSIVE,<br><br>  Defendants. | Case No. 2:19-cv-09869 SB (JCx)<br><br>**DECLARATION OF LESLIE HELMER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**<br><br>[Discovery Document: Referred to Magistrate Judge Jacqueline Chooljian]<br><br>Hearing Date: December 22, 2020<br>Hearing Time: 9:30 a.m.<br>Place: Courtroom 750, Roybal<br><br>Complaint Filed: September 25, 2019<br>Discovery Cut-off: November 28, 2020<br>Pre-Trial Conference: April 30, 2021<br>Trial Date: May 31, 2021<br>District Judge: Hon. Stanley Blumenfeld, Jr.<br> Courtroom 6C, First St.<br>Magistrate Judge: Hon. Jacqueline Chooljian<br> Courtroom 750, Roybal |

## **DECLARATION OF LESLIE HELMER**

I, Leslie Helmer, declare as follows:

1. I am a shareholder at the law firm Ogletree, Deakins, Nash, Smoak and Stewart, P.C. (the "Firm"), counsel for defendant Walgreen Co. ("Defendant" or "Walgreens"). I have personal knowledge of the facts set forth below, and if called upon to testify to same, I could and would do so competently and truthfully.

2. A true and correct copy of the Court's initial Scheduling Order, and subsequent Scheduling Orders establishing the case schedule are attached as **Exhibits 1, 2 and 3** to this Declaration.

3. Walgreens served Plaintiff with a Notice of Issuance of Subpoena on July 17, 2020, notifying Plaintiff of its intention to subpoena financial and business records from WellCare Pharmacy, LLC ("WellCare Pharmacy"). Walgreens served a document subpoena on WellCare Pharmacy on July 21, 2020. The subpoenaed records were due no later than August 5, 2020. Attached to this Declaration as **Exhibits 4 and 5** are true and correct copies of the Notice of Issuance of Subpoena served on Plaintiff on July 17, 2020 and Subpoena to Produce Documents served on WellCare Pharmacy on July 21, 2020. To date, my office has not received objections to the subpoena from either WellCare Pharmacy or Plaintiff Amira Saad.

4. The online status report from my office's deposition agent, First Records Retrieval, reflects that it contacted Plaintiff no fewer than **eleven** times in an effort to obtain records from WellCare Pharmacy. On September 9, 2020, the date of the last communication between Plaintiff and First Records Retrieval reflected in this report, Plaintiff said she would bring her records to her deposition—which at that time had been rescheduled to September 17, 2020 at her Counsel's request. Attached to this Declaration as **Exhibit 6** is a true and correct copy of the First Records Retrieval Work Order for the WellCare Pharmacy document subpoena that I reviewed.

5. After multiple efforts to schedule Plaintiff's deposition on a mutually acceptable date, the parties agreed to conduct the deposition on September 17, 2020. On the morning of September 17, 2020, my office emailed the deposition exhibits to Plaintiff's Counsel, Sean Novak, in advance of the deposition's commencement. Plaintiff appeared for the remote deposition later that day, but failed to produce any records for WellCare Pharmacy. My colleague, Kathleen Choi, conducted Plaintiff's deposition. I attended the deposition. During the deposition, Mr. Novak refused to allow Plaintiff to view the exhibits Defendant provided via email, and began using deposition time to castigate Ms. Choi at length. Ms. Choi was forced to suspend the deposition after less than an hour following multiple interruptions and lengthy speeches by Mr. Novak on the record. On or about October 2, 2020, the Firm received from the court reporting service, Esquire Deposition Solutions, certified copies of Plaintiff's deposition transcript. The certified deposition transcript is retained by the Firm in the normal course of business as part of the Firm's litigation files relating to this case. Attached to this Declaration as **Exhibit 7** are true and correct copies of excerpts from volume one of the deposition transcript of Plaintiff Amira Saad, taken on September 17, 2020.

6. After meeting and conferring with Mr. Novak regarding Plaintiff's deposition as well as that of several defense witnesses, I agreed to reconvene Plaintiff's deposition on September 29, 2020 in an attempt to move forward with an agreed deposition schedule for all witnesses. I hoped to complete discovery without burdening the Court with discovery motion practice.

7. After setting the deposition schedule, I followed up with Mr. Novak on September 22, 2020 regarding the WellCare Pharmacy records. To my surprise, Mr. Novak insisted that no document request was pending and, alternatively, that WellCare Pharmacy served a timely objection. Attached to this Declaration as **Exhibit 8** is a true and correct copy of my email exchange with Mr. Novak regarding the WellCare Pharmacy subpoena.

8. To ensure there could be no confusion that Defendant timely and properly served the WellCare Pharmacy subpoena, I made a final effort to meet and confer with Mr. Novak on September 25, 2020. I sent Mr. Novak a letter pursuant to Central District Local Rule 37-1 stating Defendant's position and attaching the subpoena with proof of service. Attached to this Declaration as **Exhibit 9** is a true and correct copy of my September 25, 2020 letter to Mr. Novak.

9. Mr. Novak responded to my letter on September 28, 2020 but refused to directly address the subpoena. Instead, Mr. Novak denied representing WellCare Pharmacy in any capacity, referred again to his "understanding" that an unnamed "legal representative served a timely objection to the purported subpoena," and argued Plaintiff had "**no** obligation…to produce documents in the possession, custody or control of a separate legal entity…." Attached to this Declaration as **Exhibit 10** is a true and correct copy of Mr. Novak's September 28, 2020 letter.

10. My colleague, Elizabeth Falcone, immediately responded to Mr. Novak. She explained our understanding that Plaintiff is the custodian of records for WellCare Pharmacy and asked Mr. Novak to identify WellCare Pharmacy's legal representative. Mr. Novak wrote in response "Ms. Saad is not the custodian of records for the financial documents for the entity" and then offered to act as an intermediary between Walgreens and the unnamed WellCare Pharmacy legal representative. Although Ms. Falcone asked Mr. Novak to identify WellCare Pharamcy's legal representative several times, she never received a direct response from Mr. Novak. Attached to this Declaration as **Exhibit 11** is a true and correct copy of Ms. Falcone's e-mail correspondence with Mr. Novak, on which I was copied.

11. Ms. Falcone deposed Plaintiff on September 29, 2020. I attended the deposition. At her deposition, Plaintiff admitted receiving the WellCare Pharmacy subpoena, that WellCare Pharmacy has no other owners or employees, and that it has no attorney representing it in this matter. Plaintiff also testified to the existence of

text messages she exchanged with other Walgreens' employees (including text messages exchanged with an employee who reported to her regarding the investigation that led to her termination) which had not been previously identified or produced by Plaintiff.  This information is critical to Plaintiff's claims.  Because of the outstanding documents, as well as Plaintiff's and Mr. Novak's conduct at the deposition, Defendant declined to close her deposition, reserving its right to seek leave from the Court to recall Plaintiff for additional testimony once it obtained the necessary documents.  On or about October 15, 2020, the Firm received from the court reporting service, Esquire Deposition Solutions, certified copies of Plaintiff's deposition transcript.  The certified deposition transcript is retained by the Firm in the normal course of business as part of the Firm's litigation files relating to this case.  Attached to this Declaration as **Exhibit 12** are true and correct copies of excerpts from volume two of the deposition transcript of Plaintiff Amira Saad, taken on September 29, 2020.

12. Following Plaintiff's admissions in her deposition, I again met and conferred with Mr. Novak on October 7, 2020.  For the first time, Mr. Novak agreed to produce that week WellCare Pharmacy's financial records as well as the missing text messages between Plaintiff and her subordinate.

13. When my office received nothing further that week, I was forced to move *ex parte* for an order reopening discovery and continuing all dates. (*See* ECF No. 22.)  On October 13, 2020 (the same day he filed his opposition to Defendant's *ex parte* application), Mr. Novak served "Plaintiff's Supplemental Disclosure Report Made Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure," which included WellCare Pharmacy's 2019 federal income tax return as well as the text messages identified during Plaintiff's deposition.  No supporting documentation of WellCare Pharmacy's underlying revenues or expenses was included.  Nothing in the Supplemental Disclosure Report production reflects WellCare Pharmacy's revenues or expenses in 2020.

14. Nonetheless, I was hopeful that production of the Supplemental Disclosure Report signaled a new willingness to cooperate on resolution of discovery issues. My colleague Ms. Choi and I met and conferred telephonically with Mr. Novak on November 2, 2020. Mr. Novak voiced no objection to the substance of the WellCare Pharmacy Subpoena with the sole exception of the item (iii) request for bank account records. He represented Plaintiff provided to her accountant all of the underlying financial records supporting the figures in the 2019 tax return and stated he would have no objection if Walgreens subpoenaed Plaintiff's accountant. I agreed to withdraw the request for WellCare's bank account records and stated my intention to subpoena Plaintiff's accountant for the underlying financial records used to prepare WellCare Pharmacy's 2019 tax return.

15. Following the November 2 call, I reviewed Plaintiff's deposition testimony and noted her testimony that WellCare only started doing business in October 2019 despite registering to do business in September 2018. Ms. Choi immediately wrote to Mr. Novak, seeking confirmation that Plaintiff would produce WellCare Pharmacy's financial records for 2020, as the 2019 records were unlikely to accurately reflect the business's performance to date. Although Mr. Novak promised a substantive response, his only responses have been accusations of misrepresenting the meet and confer discussions and stating that Defendant has no recourse because any motion to compel would be heard after the discovery cut-off. Attached to this Declaration as **Exhibit 13** is a true and correct copy of Ms. Choi's e-mail correspondence with Mr. Novak from November 3 through November 10, 2020, on which I was copied.

16. As of the date of this declaration, my office has received no further production of WellCare Pharmacy's business and financial records.

1 | I declare under penalty of perjury under the laws of the United States of
2 | America and the State of California that the foregoing is true and correct and that this
3 | declaration was executed on this 18th day of November, 2020, at Los Angeles,
4 | California.

5

6 |         /s/ Leslie Helmer
7 |         Leslie Helmer

8

9 |                45013522.1

10

45013522_1.docx

6          Case No. 2:19-cv-09869 SB (JCx)
DECLARATION OF LESLIE HELMER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL